**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martinez**

Criminal Case No. 12-cr-00242-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1. **REYNA MENDOZA-HARO,**
2. ARNALDO ALVAREZ-GONZALEZ,
3. **JAIME MORENO-LOPEZ,**
4. **RICKY HENRY CISNEROS,**
5. **IVAN GOMEZ-AVILA,**
6. **SHANA LOUISE CLAYBOURN,**
7. **CRIS ANTHONY SANDOVAL,**
8. **TODD JOSEPH TRUJILLO,**
9. **KENNIE RAY SNYDER,**
10. **CHRISTINA ROSE MALMGREN,**
11. **DESIREE ROSE CEBALLES,**

    Defendants.

---

**ORDER GRANTING ENDS-OF-JUSTICE CONTINUANCE AND SETTING
DEADLINES FOR REMAINDER OF CASE**

---

On December 7, 2012, the Court held a status conference regarding the progression of this action. (ECF No. 235.) At the hearing, defense counsel made a collective oral motion for an additional ends-of-justice continuance ("Motion"). The Government did not oppose the Motion. The Court granted the Motion on the record and informed the parties that it would issue an order setting forth the basis for such continuance. (*Id.*) This Order shall set forth such rationale.

At the hearing, defense counsel informed the Court that all discovery has been disclosed by the Government but that defense counsel was still working through

reviewing the materials themselves and with their clients. Both the Government and defense counsel stated that the amount of discovery produced in this case was extraordinary. The record shows that discovery in this case includes 41,750 call records based on wiretaps on 14 different telephones; 3,000 call records for pertinent calls involving criminal activity; at least 80,000 electronic records, many of which involve multiple pages of material; over 200 pages of Grand Jury transcripts; and 5 years worth of recordings from video surveillance (a year each from five different stationary pole cameras). The Court has previously found that the volume of discovery in this case makes it complex for purposes of 18 U.S.C. § 3161(h)(7)(B)(iv). (ECF No. 148.)

The Court finds that Defendants have shown that their interest in having adequate time to review discovery, prepare motions, and prepare for trial outweighs the public's interest in a speedy trial. The Court also finds that the public's interest in a speedy trial will not be subverted by granting the requested ninety day continuance and, therefore, an ends-of-justice continuance is warranted pursuant to Section 3161(h)(7)(B)(iv). As the Court ordered at the hearing, all days between December 7, 2012 and March 7, 2013 are excluded from the Speedy Trial clock.

Also at the hearing, Defendants asked the Court to set a staggered motions deadline. The Court has considered the request and finds good cause to set a staggered briefing schedule in this case.

For the reasons set forth above, the Court hereby ORDERS as follows:

1. Defendants' oral motion for ends-of-justice continuance is GRANTED;
2. All days between December 7, 2012 and March 7, 2013 are EXCLUDED from the Speedy Trial clock pursuant to Section 3161(h)(7)(B)(iv); and

3. The Court hereby SETS the following schedule for the remainder of the case:

   a. All discovery motions and motions regarding the Indictment shall be filed by March 1, 2013. The Government shall respond not later than March 29, 2013.

   b. All suppression motions—including wiretap suppression motions (four corners and non-four corners)—shall be filed by May 15, 2013. The Government shall respond by June 12, 2013.

   c. All motion to sever and motions pursuant to Federal Rule of Evidence 801(d)(2)(e) shall be filed by August 1, 2013. The Government's response shall be due August 29, 2013.

   d. A nine-day jury trial shall commence on October 15, 2013 at 8:00 a.m. in Courtroom A801.[1] A final trial preparation conference will be held at 3:00 p.m. on October 4, 2013.

Dated this 13th day of December, 2012.

BY THE COURT:

William J. Martinez
United States District Judge

---

[1] The Court notes that this trial date presumes that motions will be filed in accordance with the above time frame and which would toll the Speedy Trial clock pursuant to Section 3161(h)(1)(D). If any deadline should pass without any motions filed, the Court will have to re-examine the Speedy Trial clock and may reset the trial *sua sponte* to ensure that no Defendants' right to a speedy trial is violated.